READING INS. CO. v. EGELHOFF (AMERICAN INS. CO. OF NORTH AMERICA et al., Interveners).

(Circuit Court, W. D. Missouri, W. D. April 5, 1902.)

No. 2,395.

1. EQUITY—FINDINGS OF MASTER—REVIEW.
   The finding of a master as to the value of a stock of goods before and after a fire, made on a careful and impartial review of conflicting evidence, will be accepted by the court unless manifestly erroneous.

2. SAME.
   Where it appears from the report of a master, which is not contradicted, that neither party requested a finding on a particular matter, but the same was virtually waived, the court will not, on exceptions to the report, refer it back to have such finding made.

3. INSURANCE—INTEREST ON AMOUNT OF LOSS—DATE OF COMMENCEMENT.
   Under a provision of insurance policies that "the loss shall not become payable until 60 days after notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers, when appraisal has been required," where there has been no appraisal by arbitrators, the loss becomes "due and payable" 60 days after proofs of loss, within the meaning of the Missouri statute fixing the time from which a claim arising on a written contract shall draw interest.[1]

4. SAME—VALUATION OF GOODS—PROCEEDS OF SALE AT AUCTION.
   An insured who, pending efforts at an arbitration to determine the damage to goods by fire, against the protest of the insurance companies, proceeds to sell such goods at auction, cannot insist that the companies are concluded as to their value by the amount realized.

In Equity. On exceptions to master's report.

Fyke, Yates & Fyke, for complainant.
Frank Titus and Wallace & Wallace, for defendants.

[1] See Insurance, vol. 28, Cent. Dig. § 1494.

PHILIPS, District Judge. This cause, after oral argument by the respective counsel, has been submitted, on exceptions filed by each party to the findings of the special master. I have read with care the report of the master, and find that he has presented with singular clearness and impartiality a synopsis of the evidence, and has carefully reviewed the conflicting testimony of the witnesses; and I am unable to say that his deductions therefrom are not well warranted. In a matter of conflicting evidence, especially touching the value of a stock of goods like the one in question, before and after a fire, the conclusions thereon reached by the master should not only be entitled to great weight on review by the court, but should be accepted, unless manifestly erroneous. Especially should this rule be adhered to where it is apparent, as in this case, that the master has applied to the evidence careful consideration and an impartial judgment. Taking all the facts into consideration, his estimate of the actual damages to the stock of goods, resulting from the fire, seems well sustained by the proofs; and I am unable to discover any such false deductions from the testimony, taken in its entirety, as should demand a disturbance by the court of the master's findings.

It is urged by counsel for respondent that the master failed to make a specific finding as to which of the parties was in fault for the failure to proceed with the arbitration. Waiving any consideration of the question of law as to whether or not the terms of the policy respecting the submission to arbitration is so compulsory that a failure, or even refusal, of one of the parties to consent to an arbitration would authorize the other to proceed ex parte with the selection of an arbitrator, so as to bind absolutely the defaulting party by the appraisement of such arbitrator, it ought to be a sufficient answer to this contention of respondent to say that the master states in his report that "at the hearing and argument of the case by counsel the issues were narrowed down substantially to the question of the amount of damages sustained by the respondent, all other issues raised by the pleadings being virtually waived. Neither complainant nor respondent has asked for a report by the master with respect to the failure of the appraisement provided for in and by the policies of insurance, or a finding of fact as to whether the complainant or respondent was at fault in that matter. Neither party has asked for a ruling by the master as to the exceptions taken to the testimony of the witnesses bearing on the question of appraisement and the conduct of the parties in that connection." On the hearing of these exceptions nothing was presented to the court in contradiction of this finding by the master in such form as to warrant the court in saying it was incorrect. Furthermore, it is apparent to the court from references to, and quotations from, certain letters addressed by counsel for the insurance companies to the respondent, pending the efforts to effect an arbitration, that the complainant, up to the time of the sale of the goods at auction by the respondent, was expressing a willingness to proceed in the arbitration by selecting other appraisers after the failure of those theretofore selected to agree or proceed. It is also apparent to the court that, after a certain stage in these negotiations and efforts, the correspondence between the parties passed under

the dictation of counsel, who were seeking, by diplomatic refinement, to get the better of each other by self-serving statements in anticipation of probable litigation. After the parties thus lead the master to infer that they did not insist upon any finding upon such issue, the court does not feel called upon, in passing upon the exceptions, to refer the matter back to the master on such technicality.

At the argument on the exceptions, it was suggested by respondent's counsel that the evidence shows there were $1,200 worth of goods insured which were totally destroyed by the fire, and it is insisted that the master failed to take this fact into consideration in the estimate of damages. It is true that the master does not in his report advert directly to such evidence, if it existed. But it is obvious enough that if such fact existed the master's finding of the amount of damages necessarily includes such loss. His report shows that he made an ascertainment of the value of the goods on hand at the time of the fire, and their value after the fire; so that in this estimate the respondent had the benefit of the value of the entire stock of goods on hand just before the fire, which necessarily included the $1,200 worth destroyed; while the value of the goods actually left on hand after the fire showed the amount of loss. If the $1,200 worth of goods had not been wiped out by the fire, there would have been a corresponding greater quantity on hand to be added to the appraisement, which would, to that extent, have lessened the amount of damages to be awarded by the master, in his findings, to the respondent.

Exception is taken by complainant to the amount of interest awarded by the master on the damages assessed. The statute (Rev. St. Mo. 1899, § 3705) in force at the time of the loss in question provides that "creditors shall be allowed to receive interest at the rate of six per cent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made." The policy of insurance being a contract in writing, providing for the payment by the insurer of loss resulting from fire, interest is allowable thereon after the amount of the loss became due and payable. The policy itself provides that "the loss shall not become payable until sixty days after notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers, when appraisal has been required."

The contention of complainant's counsel, as I understand it, is that the interest would not accrue until after an award by appraisers. This construction of the contract is not tenable. It would certainly be inconsistent with the attitude assumed by the complainant in this controversy that an appraisement was not a condition precedent to the right of action. There was no appraisement, which means an award by arbitrators; and the meaning of this provision is that the loss would become payable 60 days after notice, ascertainment, and satisfactory proofs of loss; but where the matter of loss is submitted to arbitrators, and award rendered, interest would not attach to the sum due by the insurer until after award. The master has fixed the period at which interest attaches as June 16, 1899. I take it that he estab-

lished this as the time approximately when the 60 days had run after proof of loss. The court, however, is of opinion that the master is in error in fixing the date at June 16, 1899, at which the expense account of $412.50 is to draw interest, found by the master to be owing to the respondent. As shown by the master's report, this obligation of the insurance companies does not arise upon any positive provisions of the contract of insurance, but is made to depend upon a conventional arrangement between the insured and the agents of the insurance companies after the fire. As such, it is in the nature of an account in favor of the respondent against the insurance companies, and as such, under the statute, would not bear interest until after demand. It appearing that the insured, on or about the 10th day of July, 1899, wrote a letter, making claim for the expenses incurred in and about the removal of the goods,' which includes the item of $412.50 found by the master to be the just amount to be paid to the insured, and it being probable that this letter was received by the insurance companies in the due course of mail, by the 15th of July, 1899, the court fixes that date as the time of the demand, and that said sum of $412.50 should bear interest therefrom.

The conclusion reached by the master, both on the facts and the law, respecting the contention of counsel for respondent that the insurance companies should be concluded by the amount realized by the respondent on the sale of the goods at auction, is satisfactory to the court. The authorities relied upon by respondent's counsel in support of this contention are not applicable to the facts of this case.

There would be both reason and authority for the contention by the insurance companies that the insured had forfeited any right of action against them on the policies by a sale of the goods without their consent pending the efforts at an arbitration, as the sale and conversion of the goods by the insured would have rendered it impossible to make an appraisement under the arbitration. But as the master has found, and I think properly, that the insured proceeded to sell the goods at auction against the protest of the insurance companies, it is not the law that the insured can by such sale insist that the price realized thereat is binding on the insurance companies. He sold at his peril; and it would be a travesty on justice to hold that this ex parte and willful proceeding on his part should cut off the insurance companies from showing, under the issues in this case, what was the actual market value of the goods by evidence aliunde. As the master says in his report, the amount realized on this sale might be admitted as evidence for the consideration of the court, but it is by no means conclusive. The conclusion reached by the master on all the evidence respecting this issue is a reasonable one, and ought not to be disturbed by the court.

Other matters raised by the exceptions and discussed by counsel at the hearing are satisfactorily considered and determined by the master in his report, and need not be further discussed by the court.

It results that the exceptions of both parties are overruled, and the report of the master is approved, with the exception respecting the date of interest on the item of $412.50.